### MANHATTAN DELIVERY CO. v. SIMON et al.

#### (Supreme Court, Appellate Term.   March 2, 1906.)

EVIDENCE—OPINION EVIDENCE—QUALIFICATION OF WITNESS.
: 'It was error to permit a witness to testify as to the value of certain work done on garments, without having previously qualified himself as competent to so testify.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2361.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Manhattan Delivery Company against Abraham Simon and another.   From a judgment in favor of plaintiff, defendants appeal.   Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Manheim & Manheim, for appellants.
Guthrie, Cravath & Henderson, for respondent.

GREENBAUM, J.   It appears to me that the preponderance of evidence is so great in defendant's favor that the judgment should not be permitted to stand.   Silverblatt, to whose rights the plaintiff is subrogated, is an interested witness, and he alone testifies that he packed up the 45 garments, and delivered them to the plaintiff.   So far as the record shows, there were others present when Silverblatt packed the goods, and yet not one of these persons is produced to corroborate him.   In behalf of the defendant, witnesses both interested and disinterested testify that the packages actually delivered by plaintiff did not contain 45 garments, and that when the goods were originally delivered to Silverblatt by defendants, to be made up into garments, the price per

garment was fixed between the parties at $1.55, and that Silverblatt signed a memorandum in one of the defendant's books to that effect. Silverblatt made no denial of his signing such a memorandum, and gave no explanation in reference thereto. It also seems strange that Silverblatt should have gone to the expense of hiring a wagon to take the garments to an express company, and should have accompanied the wagon, and instructed the company to deliver the goods to defendants C. O. D. Why so unusual procedure should have been pursued, instead of the seemingly natural one of taking the garments to defendants in the hired wagon, is unexplained. It is also a suspicious circumstance that Silverblatt should have undertaken to make up the garments without first having a price fixed for the work to be done. The course alleged to have been pursued by the defendants and their witnesses is the probable and likely one. Silverblatt was permitted, under objection, to give testimony as to the value of the work done, without having previously qualified himself as one competent to so testify. This was error.

For this and the reasons stated, the judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs. GIEGERICH, J., concurs in the result.